## INGALLS *vs.* DENNETT.

A surety has no right of action against his principal merely because the debt is not paid as soon as it is due; nor until he has either paid it, or procured the discharge of the principal by assuming the payment himself.

Therefore where one, having effects of another in his hands, and being also his surety in a note over-due, was summoned as his trustee in a foreign attachment, and then was compelled by suit to pay the note;—it was held that the effects in his hands were still bound by the foreign attachment, and that he could not retain them by way of indemnity against the note he had paid.

THIS was a *scire facias* against the defendant, as trustee of the goods of one *Richardson.* It appeared from his examination that he had property of *Richardson's* in his hands, to the value of about twenty-eight dollars; but that he was surety for *Richardson* in a note over-due to a third person for more than a hundred dollars; for which he was sued, after the service of the trustee process in this case; and which, to relieve his property from attachment, he had since paid; without indemnity from the debtor, except the above balance of twenty-eight dollars, which, by agreement with *Richardson,* he had indorsed on the note he had taken up.

*Greenleaf,* for the defendant, contended that he was not chargable as trustee. He was a creditor of *Richardson,* from the moment of becoming his surety; the promise of indemnity, which the law presumes every principal makes to his surety, being in effect a promise that he will take up the note at its maturity, and thus save the surety harmless. *How v. Ward,* 4 *Greenl.* 195. For upon any other construction the indemnity would be incomplete, the surety being left to sustain the discredit of having his notes over-due, by reason of the neglect of the real debtor to pay them at their maturity. Hence he ought to have a right of action as soon as this promise is broken; though his damages may be but small, till he has paid the debt. Such is the doctrine of the civil law; 1 *Poth. Obl.* 252; and such is our own practice in actions of covenant against incumbrances on land. If the incumbrance existed in fact, and so the covenant was

Ingalls *v.* Dennett.

broken, the action is sustained ; and if it has been actually removed by the plaintiff, though after action brought, he is entitled to full damages.

Now if the original suit of the present plaintiff had been a suit by *Richardson* against this defendant, to recover the twenty-eight dollars, the defendant might have protected himself against the demand, by opposing the suretyship, the indemnity broken, and his subsequent payment of the whole debt. And the trustee-process cannot change the rights of the parties; it only puts one creditor in the place of another, leaving the legal relations of the garnishee unimpaired.

*Deblois* for the plaintiff.

Mellen C. J. delivered the opinion of the Court in the ensuing *June* term in *Lincoln ;* observing that the question must be decided on the facts as they existed at the time the process was served ; and that at that time *Dennett* had no right of action against *Richardson ;* for he had not then either paid the note for which he was surety, nor absolutely assumed the debt himself, by giving a new security, and discharging *Richardson* from his liability. Neither of these things having been done, the court must, according to settled principles, consider him as trustee, though the case seems to be a hard one for the defendant.

*Trustee charged.*